UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-23158- MARTINEZ-OTAZO REYES

LAWSHAWN MIDDLETON,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.

_____/

**DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND SUPPORTING MEMORANDUM OF LAW**

The Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE, pursuant to Rule 56.1 of the Local Rules governing the Southern District of Florida and Rule 56 of the Federal Rules of Civil Procedure, hereby respectfully moves the Court for entry of Summary Judgment in its favor, and states as follows:

**INTRODUCTION**

This maritime personal injury action arises from an alleged injury when Plaintiff was a passenger aboard the *Carnival Fantasy*. Plaintiff claims she sustained injuries on August 19, 2016 after falling down a stairway aboard the subject vessel. Plaintiff's allegations of negligence are all based on a purported defect on the stair on which she was standing at the time of the incident. ECF 1, ¶14. When pressed for details, the sole basis for her allegations of negligence was the presence of an alleged loose metal nosing on the subject stair.

Many of the facts at issue in this controversy are undisputed. Carnival submits that the balance of the disputed facts is immaterial and this case is ripe for summary adjudication.

CASE NO.: 17-cv-23158- MARTINEZ-OTAZO REYES
PAGE 2

The undisputed material facts establish that the Plaintiff cannot identify the specific step on which she was standing at the time of the incident, and as such, cannot establish an essential element of her claim – the proximate cause of her injury.

Ms. Middleton contends she fell due to the presence of a loose metal nosing on one of the stairs. However, Ms. Middleton did not perceive any defects with the stair on the date of her incident. Although she returned to the scene of her fall two days later and claims to have noticed loose nosings on some of the stairs, because she cannot identify which step she was on at the time of her fall, she cannot meet her burden of proof that there was a loose nosing on the stair on which she was standing at the time of the incident. Thus, Ms. Middleton cannot establish an essential element of her claim and entry of summary judgment in favor of Defendant is appropriate.

## UNDISPUTED MATERIAL FACTS

1. Defendant Carnival operated the Carnival Fantasy at all times material hereto. ECF 1, ¶10.

2. On August 19, 2016, Plaintiff, LAWSHAWN MIDDLETON, was a fare-paying passenger about the vessel Carnival FANTASY. ECF 1, ¶8-9.

3. Plaintiff claims she fell while descending a stairway due to an improperly maintained metal nosing on the step on which she was standing. ECF 1, ¶11.

4. Plaintiff was standing on the staircase for approximately 10 minutes waiting to enter a restaurant for dinner. Deposition of L. Middleton, 76:24-77:10. The pertinent sections of Ms. Middleton's deposition transcript are attached as Exhibit 1.

5. Plaintiff cannot remember how many steps from the top of the staircase she had descended. Deposition of L. Middleton, 77:13-19.

6.	Plaintiff did not observe any defects with the steps around her during the ten minutes she was on the steps prior to her fall. Deposition of L. Middleton, 86:9-11.

7.	Two days after her fall, Ms. Middleton returned to the staircase and found that some, but not all, of the stairs had loose metal nosings. Deposition of L. Middleton, 88:7-12; 92:6-24.

8.	In her deposition, Ms. Middleton admitted she does not know which step she was on at the time of her fall:

> Q. Which step on the staircase do you contend was the stop that was involved in your accident?
>
> A. I can't say which step was involved.

Deposition of L. Middleton, 86:25-87:3.

> Q. Okay. And I believe your testimony was that you're not able to identify which stair in this staircase was involved in your accident, correct?
>
> A. Not the exact stair.

Deposition of L. Middleton, 90:18-22.

> Q. Do any of those photographs 1 through 5 show the exact stair that you were standing on?
>
> A. I don't know which exact stair, so I can't say that.

Deposition of L. Middleton, 91:2-5.

9.	Indeed, even when questioned by her own counsel, Ms. Middleton admitted she had no personal knowledge of which step she was on at the time of her fall:

> Q. Ms. Middleton, you had testified earlier that you had no personal knowledge of which step you fell on, correct?
>
> A. That is correct.

CASE NO.: 17-cv-23158- MARTINEZ-OTAZO REYES
PAGE 4

<u>Deposition of L. Middleton</u>, 113:9-12.

## MEMORANDUM OF LAW

### A.     SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 provides, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to judgment as a matter of law.'" *See Alabama v. N. Carolina*, 130 S. Ct. 2295, 2308 (2010) (quoting Fed. R. Civ. P. 56(a)). The existence of some factual disputes between litigants will not defeat an otherwise properly ground motion for summary judgment; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis added). Mere "metaphysical doubt as to the material facts" will not suffice. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### B.     GENERAL MARITIME LAW GOVERNS THE PRESENT ACTION

The general maritime law provides the substantive law of this case because the alleged tort occurred upon navigable waters and bears a significant relationship to traditional maritime activity. *See Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249 (1972); *Foremost Ins. Co. v. Richardson*, 457 U.S. 668 (1982), *reh'g denied*, 459 U.S. 899 (1982); *Sisson v. Ruby*, 497 U.S. 358 (1990). It is well-established that the general maritime law of the United States governs suits asserted by passengers against cruise lines. *Keefe v. Bahama Cruise Line, Inc.*, 867 F. 2d 1318 (11th Cir. 1989).

A cruise ship operator owes its passengers the duty to exercise reasonable care under the circumstances. *Kermarec,* 358 U.S. at 630, 79 S. Ct. at 410; *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355, 1358 (11th Cir. 1990); *Keefe,* 867 F.2d at 1322. The ship operator is not,

however, an insurer to its passengers; it is liable only for its negligence. *Keefe*, at 1322. The cruise ship operator is not the insurer of the safety of the passengers and does not become liable merely because an accident occurs. *Luby v. Carnival Cruise Lines, Inc.*, 633 F.Supp. 40, n.1 (S.D. Fla. 1986).

Under federal maritime law, this court relies on "general principles of negligence law," and requires the Plaintiff make out the familiar four elements of negligence. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). A plaintiff in a negligence action shoulders the burden of proving each of the following: (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; (3) the defendant's breach was the proximate cause of the plaintiff's injuries; and (4) the plaintiff suffered damages. *Wiener v. Carnival Corp.*, 2012 U.S. Dist. LEXIS 151395, at *6, Case No. 11-22516 (S.D. Fla. Oct. 22, 2012) (emphasis added). Failure to establish any one of these elements is fatal to the Plaintiff's case. *Hasenfus v. Secord*, 962 F.2d 1556, 1560 (11th Cir. 1992) (citing *Gooding v. University Hospital Bldg., Inc.*, 445 So.2d 1015, 1018 (Fla.1984)). A failure of proof concerning any essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.,* 477 U.S. at 323.

    **C.    THERE IS NO RECORD EVIDENCE OF PROXIMATE CAUSATION.**

Negligence should not be inferred from the "mere happening of an accident alone." *Wish v. MSC Crociere S.A.*, No. 07-60980, 2008 U.S. Dist. LEXIS 109072 (S.D. Fla. Nov. 24, 2008) (citing *Belden v. Lynch*, 126 So. 2d 578, 581 (Fla. Dist. Ct. App. 1961)). An injured passenger must show the alleged negligence was an actual and proximate cause of the plaintiff's injury. *Sorrels v. NCL (Bahamas) Ltd*., 796 F.3d 1275, 1280 (11th Cir. 2015). When the evidence presented does not create a material issue of fact as to causation, which is an essential element of

the tort of negligence, summary judgment is appropriate. *Fedorczyk v. Caribbean Cruise Lines, Ltd.*, 82 F.3d 69, 74 (3d Cir. 1996) (affirming lower court's grant of cruise line's motion for summary judgment). This Court, on at least two published occasions, concluded that where a nonmoving party is unable to offer any evidence to satisfy the proximate cause element of their negligence claim, those claims must fail. *See John Morrell & Co. v. Royal Caribbean Cruises, LTD.*, 534 F. Supp. 2d 1345, 1353 (S.D. Fla. 2008); *see also Lipkin v. Norwegian Cruise Line Ltd.,* 93 F. Supp. 3d 1311, 1325 (S.D. Fla. 2015).

In *John Morell & Co.* a passenger was injured while engaged in a shore excursion. The court granted the cruise line's motion for summary judgment since the passenger failed to proffer any evidence that the cruise line's failure to warn was the proximate cause of his injuries. *John Morrell & Co,* 534 F. Supp. 2d at 1353. As in the present matter, *Morrell* was unable to point to any link between the cruise lines action and the subsequent accident, beyond mere speculation. *Id.* at 21.

Similarly, in *Lipkin*, the plaintiff brought a negligence action against a cruise line for injuries sustained while disembarking from a cruise ship. *Lipkin,* 93 F. Supp. 3d at 1311. The court held that summary judgment must be granted in favor of the cruise line because the plaintiff had failed to establish that the defendant's negligence was the proximate cause of his injuries. *Id*. at 1325. Analogous to the present case, *Lipkin* cited no record evidence to show that a genuine issue of material fact existed as to proximate cause. *Id*. at 1325

In a case very similar to the instant matter, *Fedorczyk*, a plaintiff slipped in the bathtub in her stateroom while aboard a cruise ship. *Fedorczyk,* 82 F.3d at 69. *Fedorczyk* alleged that the cruise line's failure to provide an adequate number of abrasive strips in the bathtub was the

proximate cause of her injuries. *Id*. at 72. However, plaintiff testified she had no recollection of whether her feet were on the tubs existing abrasive strips at the time of her fall. *Id.* at 72.

The Third Circuit Court of Appeals noted that even if there was negligence on the part of the cruise line for having an insufficient number of adhesive strips in the tub, as testified to by the plaintiff's expert, Fedorczyk was unable to prove that any such negligence of the cruise line in fact caused her injury. *Id.* At 74. Because Ms. Fedorczyk could not testify whether she was standing on one of the adhesive strips that were present, she could not rule out the possibility her fall was caused by other another cause such as the presence of soap and bath oil. *Id.*

The Third Circuit Court of Appeals affirmed the district court's grant of summary judgment in favor of a cruise line, holding that the plaintiff did not introduce evidence which provided a reasonable basis for the conclusion that it was more likely than not that the alleged negligent conduct of the defendant was a cause in fact of the injury. *Id.* at 74. The court held, causation is an essential element of a negligence claim stating, "the mere showing of an accident causing injuries is not sufficient from which to infer negligence," and noted that *Fedorczyk* could have fallen in the bathtub for reasons other than Royal Caribbean's negligence *Id.* (citing *Hansen v. Eagle-Picher Lead Co*., 84 A.2d 281, 284 (N.J. 1951)).

In the present matter, the alleged loose metal nosing is analogous to the abrasive strips in *Fedorczyk*. Here, only some of the steps on the staircase allegedly had loose metal nosings. Ms. Middleton does not know which step she was on at the time of her fall and cannot establish that there was a loose metal nosing on the step on which she was standing at the time of the fall. Thus, she cannot prove that a loose metal nosing was the proximate cause of her injuries. Therefore, Plaintiff cannot prevail on her negligence claim because she cannot proffer any evidence of the proximate cause of her injuries.

On the issue of causation, as with any other essential element of negligence, Plaintiff has the burden of proof. *Hasenfus v. Secord*, 962 F.2d at 1560. Ms. Middleton's testimony is consistent in confirming she cannot point to which step she was standing on at the time of her fall, and she saw no defects in the stairs prior to her fall. Additionally, she cannot establish that there was a defect on the actual step on which she was standing at the time of her fall, and therefore has failed to meet her burden in establishing the alleged negligence of Carnival was the proximate cause of her fall because speculation cannot defeat summary judgment. *Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1482 (11th Cir. 1985).

Since Middleton is unable to identify which step she was standing on or how she allegedly tripped, any perceived deficiencies with some the steps is mere speculation and not sufficient to meet her burden. Therefore, summary judgment in favor of Carnival is warranted.

**WHEREFORE**, Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, respectfully moves this Honorable Court for entry of Summary Judgment in its favor. Dated: July 9, 2018.

    Respectfully submitted,

    /s/ *Craig P. Liszt*
**David J. Horr**
Florida Bar No.: 310761
dhorr@admiral-law.com
**Craig P. Liszt**
Florida Bar No.: 63414
cliszt@admiral-law.com
Horr, Novak & Skipp, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 672-2526
***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on July 9, 2018, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

      /s/ *Craig P. Liszt*
**Craig P. Liszt**
Florida Bar No.: 63414
cliszt@admiral-law.com
***Attorneys for Defendant***

/1328441/272

## SERVICE LIST

**LaShawn Middleton,** *Pro Se*
1924 Arbor Vista Drive
Charlotte, NC 28262
Telephone: (704) 323-7942
lashawnmiddleton3@gmail.com
*Via U.S. Mail and Email*

**David J. Horr**
Florida Bar No.: 310761
dhorr@admiral-law.com
**Craig P. Liszt**
Florida Bar No.: 63414
cliszt@admiral-law.com
Horr, Novak & Skipp, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile:  (305) 672-2526
***Attorneys for Defendant, Carnival***