UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-23158- MARTINEZ-OTAZO REYES

LAWSHAWN MIDDLETON,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION REQUESTING A POSTPONEMENT OF ORDER TO SHOW CAUSE**

COMES NOW, the Defendant, CARNIVAL CORPORATION, by and through undersigned counsel and hereby files this response in opposition to Plaintiff's motion for a postponement of this Court's Order to show case, and states as follows:

1. On March 12, 2018, Plaintiff's former counsel moved to withdraw as counsel due to irreconcilable differences that arose between Plaintiff and her attorney. ECF 17.

2. Plaintiff's former counsel requested, and Defendant did not object, to a thirty-day extension of all deadlines while Plaintiff sought new counsel. ECF 17, ¶4.

3. On April 16, 2018, the Court granted the motion to withdraw and provided Plaintiff until May 18, 2018 to either retain new counsel or file a notice of intent to proceed *pro se*. ECF 21.

4. Plaintiff subsequently filed a notice of intent to proceed *pro se* which was deemed filed on May 23, 3018. ECF 23.

5. On May 30, 2018, the Court re-opened this matter, ECF 24, and Plaintiff moved for a postponement of the July 9, 2018 trial setting. ECF 25.

6. On June 12, 2018, the Court granted Plaintiff's request for continuance. ECF 27.

7. On July 9, 2018, Defendant moved for summary judgment. ECF 29. Plaintiff's response to Defendant's motion for summary judgment was due on July 23, 2018. Plaintiff filed neither a response nor a request for additional time.

8. On August 1, 2018, the Court entered an Order to show cause noting Plaintiff's failure to respond to the motion for summary judgment and ordered Plaintiff to show cause why the motion for summary judgment should not be granted on or before August 21, 2018. ECF 30.

9. On August 21, 2018, Plaintiff filed a request seeking a postponement of the Order to show cause while she sought legal counsel. ECF 31.

10. It has been more than three and a half months since the time for Plaintiff to obtain new counsel expired, and it has been almost six months since her prior counsel moved to withdraw.

11. However, Plaintiff has not shown cause why her motion should be granted nor specified any steps she has taken to secure new counsel whatsoever.

## Memorandum of Law

Federal Rule of Civil Procedure 6(b)(1) states part that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

While Defendant is mindful that *pro se* plaintiffs are held to a less stringent standard for pleading, *pro se* litigants are still required to follow the Court's rules and procedures, including the Federal Rules of Civil Procedure. See *Solis v. Client Servs.*, 2013 U.S. Dist. LEXIS 39347, at *20-21 (S.D. Fla. Mar. 21, 2013) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) and *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)).

In the instant matter, the time for Plaintiff to obtain new counsel expired on May 18, 2018 – more than three and a half months ago. Additionally, the time for responding to Defendant's motion for summary judgment expired on July 23, 3018.

As Plaintiff has not shown any cause, much less good cause, why the time for her to respond to the motion for summary judgment, the order to show cause, or to obtain counsel have all expired without any substantive action by Plaintiff, the Court should deny Plaintiff's current request for a postponement of the Order to show cause.

WHEREFORE, Defendant respectfully prays that this Court deny Plaintiff's request for a postponement of the Order to show cause and for such other relief the Court deems just and proper.

Dated: September 4, 2018

 /s/ *Craig P. Liszt*
**David J. Horr**
Florida Bar No.: 310761
dhorr@admiral-law.com
**Craig P. Liszt**
Florida Bar No.: 63414
cliszt@admiral-law.com
 Horr, Novak & Skipp, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile:  (305) 672-2526
***Attorneys for Defendant***

CASE NO.: 17-cv-23158- MARTINEZ-OTAZO REYES
Page 4

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on September 4, 2018, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ *Craig P. Liszt*
**Craig P. Liszt**
Florida Bar No.: 63414
cliszt@admiral-law.com
*Attorneys for Defendant*

/1362108/385

## SERVICE LIST

**LaShawn Middleton,** *Pro Se*
1924 Arbor Vista Drive
Charlotte, NC 28262
Telephone: (704) 323-7942
lashawnmiddleton3@gmail.com
*Via U.S. Mail and Email*

**David J. Horr**
Florida Bar No.: 310761
dhorr@admiral-law.com
**Craig P. Liszt**
Florida Bar No.: 63414
cliszt@admiral-law.com
Horr, Novak & Skipp, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile:  (305) 672-2526
*Attorneys for Defendant, Carnival*