UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 17-23158-CIV-MARTINEZ-OTAZO-REYES

LASHAWN MIDDLETON,  :
    **Plaintiff**  :

vs.  :

CARNIVAL CORPORATION,  :
    **Defendant**  :

FILED by _PG_ D.C.

OCT 23 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

**PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY
JUDGMENT AND SUPPORTING MEMORANDUM OF LAW**

The Plaintiff, LASHAWN MIDDLETON, respectfully opposes Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE'S Motion for Summary Judgement and Supporting Memorandum of Law.

## INTRODUCTION

This maritime personal injury action arises from a slip & fall accident that occurred when Plaintiff was a passenger aboard the *Carnival Fantasy*. The Plaintiff sustained multiple injuries on August 19, 2016 after falling down a stairway head first while aboard the Carnival Fantasy due to negligence of the Defendant to maintain and repair the steps in the defective stairway in which she was standing in at the time of the incident. The stairway had multiple stairs with loose metal nosing's.

The Plaintiff cannot identify the exact specific step on which she was standing at the time of the incident due to the Traumatic Brain Injury and loss of consciousness that she sustained because of the incident.

Plaintiff could not have been aware of any defects on the stairs while standing still with no room for movement to her left or right, back or front while in an overcrowded stairway for at least 15 mins. The Jubilee dining hall was running behind schedule, so everyone who was scheduled for the 8pm dinner was detained in the stairways including the stairway she was on and also the ones above and beneath her. Plaintiff fearfully returned to the scene of her fall two days later once she was more mobile and aware for understanding of her accident. Her witness previously returned to help her understand how she could have fallen at the time of the incident. The witness noticed the loose nosing's on the stairs.

Whether the Plaintiff can give account of the exact stair that she fell from after her heel was caught in the loose metal nosing or not isn't the issue (It was close to the top). The issue and fact remains still is that she fell on the negligence of the cruise ship because of the loose metal nosing.

## UNDISPUTED MATERIAL FACTS

1. Defendant Carnival operated the Carnival Fantasy at all times material hereto.

2. On August 19, 2016, Plaintiff, LASHAWN MIDDLETON, was a fare-paying passenger about the vessel Carnival FANTASY.

3. Plaintiff fell head first while descending a stairway due to an improperly maintained metal nosing on the step on which she was standing on or the next one because there were multiple loose nosing's on the stairs. She regained consciousness in the ship's infirmary.

4. Plaintiff was standing on the staircase for about 15 minutes waiting to enter the Jubilee Dining Hall restaurant for dinner with no room for movement to her left or right while in an overcrowded stairway for at least 15 mins which was also a fire hazard.

5. Plaintiff cannot remember how many steps from the top of the staircase she had

descended due to loss of consciousness and the Traumatic Brain Injury sustained.

## WHY SHOULD PLAINTIFF BE PENALIZED FOR TELLING THE TRUTH NOT KNOWING THE EXACT STEP IF MULTIPLE STEPS WERE DEFECTIVE??

6. Two days after her fall, Ms. Middleton fearfully returned to the staircase and found multiple loose metal nosing's on the stairs one of which she was standing on per her witnesses.

7. A slip and fall accident like the one that Plaintiff sustained was very serious and could've left her paralyzed or deceased.

8. Plaintiff had extensive recovery time and has still life altering injuries she's recovering from.

9. Plaintiff lost time from work, her businesses and social activities.

10. Plaintiff lost quality of life and loss of quality time with family and friends.

## MEMORANDUM OF LAW

### A. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 provides, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to judgment as a matter of law.'" *See Alabama v. N. Carolina*, 130 S. Ct. 2295, 2308 (2010) (quoting Fed. R. Civ. P. 56(a)). The existence of some factual disputes between litigants will not defeat an otherwise properly ground motion for summary judgment; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis added). Mere "metaphysical doubt as to the material facts" will not suffice. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**PLAINTIFF OPPOSES DEFENDANT'S MOTION BECAUSE THERE ARE MATERIAL FACTS OF NEGLIGENCE AND INJURIES SUSTAINED ON BEHALF OF THE CRUISE LINE. THE SHIP'S INFIRMARY RECORDS AS WELL AS ALL OF THE PLAINTIFF'S MEDICAL BILLS, LOST WAGES, QUALITY OF LIFE AND WITNESSES PROVE THIS.**

### B. GENERAL MARITIME LAW GOVERNS THE PRESENT ACTION

The general maritime law provides the substantive law of this case because the alleged tort occurred upon navigable waters and bears a significant relationship to traditional maritime activity. *See Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249 (1972); *Foremost Ins. Co. v. Richardson*, 457 U.S. 668 (1982), *reh'g denied*, 459 U.S. 899 (1982); *Sisson v. Ruby*, 497 U.S. 358 (1990). It is well-established that the general maritime law of the United States governs suits asserted by passengers against cruise lines. *Keefe v. Bahama Cruise Line, Inc.*, 867 F. 2d 1318 (11th Cir. 1989).

A cruise ship operator owes its passengers the duty to exercise reasonable care under the circumstances. *Kermarec*, 358 U.S. at 630, 79 S. Ct. at 410; *Everett v. Carnival Cruise Lines, Inc.*,

912 F.2d 1355, 1358 (11th Cir. 1990); *Keefe,* 867 F.2d at 1322. The ship operator is not, however, an insurer to its passengers; it is liable only for its negligence. Keefe, at 1322. The cruise ship operator is not the insurer of the safety of the passengers and does not become liable merely because an accident occurs. *Luby v. Carnival Cruise Lines, Inc.*, 633 F.Supp. 40, n.1 (S.D. Fla. 1986).

Under federal maritime law, this court relies on "general principles of negligence law," and requires the Plaintiff make out the familiar four elements of negligence. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). A plaintiff in a negligence action shoulders the burden of proving each of the following: (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; (3) the defendant's breach was the proximate cause of the plaintiff's injuries; and (4) the plaintiff suffered damages. *Wiener v. Carnival Corp.*, 2012 U.S. Dist. LEXIS 151395, at *6, Case No. 11-22516 (S.D. Fla. Oct. 22, 2012) (emphasis added). Failure to establish any one of these elements is fatal to the Plaintiff's case. *Hasenfus v. Secord*, 962 F.2d 1556, 1560 (11th Cir. 1992) (citing *Gooding v. University Hospital Bldg., Inc.*, 445 So.2d 1015, 1018 (Fla.1984)). A failure of proof concerning any essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.,* 477 U.S. at 323.

**PLAINTIFF OPPOSES DEFENDANT'S MOTION BECAUSE THERE IS NEGLIGENCE IN THIS CASE – LOOSE METAL NOSINGS IN THE OVERCROWDED STAIRWAY WHERE THE PLAINTIFF WAS DETAINED BECAUSE OF SHIP'S DINING HALL UNTIMELINESS. NEGLIGENCE BEGAN WHEN PASSENGERS WERE MADE TO STAND IN THE OVERCROWDED STAIRWAYS AND HALLWAYS OF THE SHIP WAITING TO ENTER THE JUBILEE DINING HALL. AFTER THE FALL PLAINTIFF WAS GIVEN A SHOT & SEVERAL DIFFERENT MEDICINES & GIFTS DURING THE REMAINDER OF THE CRUISE THAT SHE WAS NOT ABLE TO ENJOY BECAUSE OF THE INJURIES THAT WERE SUSTAINED.** The ship operator is not, however, an

**insurer to its passengers; <u>it is liable only for its negligence. *Keefe*, at 1322.</u>**

### A. THERE IS NO RECORD EVIDENCE OF PROXIMATE CAUSATION.

Negligence should not be inferred from the "mere happening of an accident alone." *Wish v. MSC Crociere S.A.*, No. 07-60980, 2008 U.S. Dist. LEXIS 109072 (S.D. Fla. Nov. 24, 2008) (citing *Belden v. Lynch*, 126 So. 2d 578, 581 (Fla. Dist. Ct. App. 1961)). An injured passenger must show the alleged negligence was an actual and proximate cause of the plaintiff's injury. *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1280 (11th Cir. 2015). When the evidence presented does not create a material issue of fact as to causation, which is an essential element of the tort of negligence, summary judgment is appropriate. *Fedorczyk v. Caribbean Cruise Lines, Ltd.*, 82 F.3d 69, 74 (3d Cir. 1996) (affirming lower court's grant of cruise line's motion for summary judgment). This Court, on at least two published occasions, concluded that where a nonmoving party is unable to offer any evidence to satisfy the proximate cause element of their negligence claim, those claims must fail. *See John Morrell & Co. v. Royal Caribbean Cruises, LTD.*, 534 F. Supp. 2d 1345, 1353 (S.D. Fla. 2008); *see also Lipkin v. Norwegian Cruise Line Ltd.*, 93 F. Supp. 3d 1311, 1325 (S.D. Fla. 2015).

In *John Morell & Co.* a passenger was injured while engaged in a shore excursion. The court granted the cruise line's motion for summary judgment since the passenger failed to proffer any evidence that the cruise line's failure to warn was the proximate cause of his injuries. *John Morrell & Co*, 534 F. Supp. 2d at 1353. As in the present matter, *Morrell* was unable to point to any link between the cruise lines action and the subsequent accident, beyond mere speculation. *Id.* at 21.

Similarly, in *Lipkin*, the plaintiff brought a negligence action against a cruise line for injuries sustained while disembarking from a cruise ship. *Lipkin,* 93 F. Supp. 3d at 1311. The court held that summary judgment must be granted in favor of the cruise line because the plaintiff had failed to establish that the defendant's negligence was the proximate cause of his injuries. *Id.* at 1325. Analogous to the present case, *Lipkin* cited no record evidence to show that a genuine issue

of material fact existed as to proximate cause. *Id.* at 1325

In a case very similar to the instant matter, *Fedorczyk*, a plaintiff slipped in the bathtub in her stateroom while aboard a cruise ship. *Fedorczyk,* 82 F.3d at 69. *Fedorczyk* alleged that the cruise line's failure to provide an adequate number of abrasive strips in the bathtub was the proximate cause of her injuries. *Id.* at 72. However, plaintiff testified she had no recollection of whether her feet were on the tubs existing abrasive strips at the time of her fall. *Id.* at 72.

The Third Circuit Court of Appeals noted that even if there was negligence on the part of the cruise line for having an insufficient number of adhesive strips in the tub, as testified to by the plaintiff's expert, Fedorczyk was unable to prove that any such negligence of the cruise line in fact caused her injury. *Id.* At 74. Because Ms. Fedorczyk could not testify whether she was standing on one of the adhesive strips that were present, she could not rule out the possibility her fall was caused by other another cause such as the presence of soap and bath oil. *Id.*

The Third Circuit Court of Appeals affirmed the district court's grant of summary judgment in favor of a cruise line, holding that the plaintiff did not introduce evidence which provided a reasonable basis for the conclusion that it was more likely than not that the alleged negligent conduct of the defendant was a cause in fact of the injury. *Id.* at 74. The court held, causation is an essential element of a negligence claim stating, "the mere showing of an accident causing injuries is not sufficient from which to infer negligence," and noted that *Fedorczyk* could have fallen in the bathtub for reasons other than Royal Caribbean's negligence *Id.* (citing *Hansen v. Eagle-Picher Lead Co.*, 84 A.2d 281, 284 (N.J. 1951)).

In the present matter, the alleged loose metal nosing is analogous to the abrasive strips in *Fedorczyk*. Here, only some of the steps on the staircase allegedly had loose metal nosing's. Ms. Middleton does not know which step she was on at the time of her fall and cannot establish that there was a loose metal nosing on the step on which she was standing at the time of the fall. Thus, she cannot prove that a loose metal nosing was the proximate cause of her injuries. Therefore,

Plaintiff cannot prevail on her negligence claim because she cannot proffer any evidence of the proximate cause of her injuries.

On the issue of causation, as with any other essential element of negligence, Plaintiff has the burden of proof. *Hasenfus v. Secord*, 962 F.2d at 1560. Ms. Middleton's testimony is consistent in confirming she cannot point to which step she was standing on at the time of her fall, and she saw no defects in the stairs prior to her fall. Additionally, she cannot establish that there was a defect on the actual step on which she was standing at the time of her fall, and therefore has failed to meet her burden in establishing the alleged negligence of Carnival was the proximate cause of her fall because speculation cannot defeat summary judgment. *Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1482 (11th Cir. 1985).

Since Middleton is unable to identify which step she was standing on or how she allegedly tripped, any perceived deficiencies with some the steps is mere speculation and not sufficient to meet her burden. Therefore, summary judgment in favor of Carnival is warranted.

**PLAINTIFF OPPOSES DEFENDANT'S MOTION BECAUSE THERE WERE SEVERAL LOOSE METAL NOSINGS ON THE STAIRWAY IN WHICH THE PLAINTIFF WAS STANDING. HER SHOES ARE THE EVIDENCE THAT SHOWS THEY WERE LODGED IN THE LOOSE METAL NOSING AS WELL AS THE PICTURES OF THE LOOSE METAL NOSINGS ON SEVERAL STAIRS. PLAINTIFF SUSTAINED A TRAUMATIC BRAIN INJURY WHICH IMPAIRED HER MEMORY.  CARNIVAL NEVER DISPUTED THE FACT THAT THE STAIRS WERE FAULTY.**

http://www.traumaticbraininjury.com/symptoms-of-tbi/severe-tbi-symptoms/

**THERE IS <u>PROXIMATE CAUSE PROXIMATE AN adjective MEANING</u>**

1. **next; nearest; immediately before or after in order, place, occurrence, etc.**
2. **close; very near.**
3. **approximate; fairly accurate.**

## Elements of Negligence

Carnival Cruise Line has a duty to take reasonable care and maintenance of their ships. To keep the premises safe for their passengers. They must regularly inspect their property for unsafe conditions and either warn passengers with signage of the property's faulty environments or repair them immediately for the safety of everyone on board the ship.

The steps in the hallway/stairway leading to the Jubilee Dining Hall were faulty and there was no signage to caution or make the passengers aware. Failing to do so has resulted in Plaintiff having a terrible slip & fall accident.

The shown wear and tear and weakened nosing's on the stairway where the Plaintiff was detained in an overcrowded stairway/hallway for an extended amount of time are reasonably Carnival Cruise Line's negligence in this case. If the stairway was properly maintained on a regular basis the Plaintiff's shoe would have never been caught in the loose metal nosing's which resulted in her tumbling down the stairs head first which resulted in a Traumatic Brain Injury and vestibular issues, etc.

Carnival Cruise Line's negligence of not having the stairs properly maintained required the Plaintiff to suffer an unnecessary accident only 3 hours into her cruise which resulted in her not being able to enjoy the cruise that spent money on. She sustained multiple life altering and challenging injuries, a diminished quality of life, diminished time with family, friends and social activities, loss of quality of life, and social activities. Plaintiff missed out on other paid for cruises, events, activities, work, business opportunities, partnerships, acting gigs and speaking engagements and loss of clientele and sales in her income tax business for at least 6 months following the accident which resulted in income loss. The client is now

responsible for medical bills because various medical facilities and physicians made self-pay agreements pending payment upon the settlement of this lawsuit. Plaintiff has been through a tumultuous 2+ years since the accident and still has a long way to go before she will have things almost back to how they were before the accident. Plaintiff should be compensated fairly for all mentioned above including her future pain and suffering from the injuries that were sustained and that had and may have to be endured.

**WHEREFORE**, Plaintiff, LASHAWN MIDDLETON respectfully moves this Honorable Court for entry of Opposition of Summary Judgment in its favor.

Dated: October 18, 2018.

Respectfully submitted,

LaShawn Middleton
*Pro Se*

*/s/ L. Middleton*
Signature

1924 Arbor Vista Dr
Charlotte, NC 28262

704.323.7942

# PRIORITY MAIL EXPRESS

**FROM:** (PLEASE PRINT)
LaShawn Middleton
1424 Arbor Vista Dr
Charlotte NC 28262

PHONE ( ) 704-323-1462

I also emailed a copy

S. Middleton

**TO:** (PLEASE PRINT) PHONE ( )
US District Court
Office of the Clerk Rm 88
400 N. Miami Ave
Miami FL
ZIP+4 33128 - 7716

Date Accepted: 10/22
PO ZIP Code: 28269
Scheduled Delivery Date: 10/23
Time Accepted: 10:22 PM
Postage: $24.70
Weight: 3 lbs
Total Postage & Fees: $24.70

EE 409 912 059 US

US POSTAGE PAID
PME 1-Day
CHARLOTTE, NC 28269
OCT 22, 18
AMOUNT
$24.70
R2305K139504-14

33128

1007

EP13F July 2013 OD: 12.5 x 9.5
PS10001000006