UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-23158-MARTINEZ-OTAZO REYES

LAWSHAWN MIDDLETON,

    Plaintiff,

vs.

CARNIVAL CORPORATION

    Defendant.

_____/

**DEFENDANT'S REPLY IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

The Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE, pursuant to Rule 56.1 of the Local Rules governing the Southern District of Florida and Rule 56 of the Federal Rules of Civil Procedure, hereby files this Reply in support of its Motion for Summary Judgment, and states as follows:

Plaintiff argues she should not be penalized for telling the truth that she cannot remember which step she was on at the time of her fall. However, Plaintiff misunderstands the burden in opposing summary judgment.

Under the general maritime law, courts rely on "general principles of negligence law," and require the Plaintiff make out the familiar four elements of negligence. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). A plaintiff in a negligence action shoulders the burden of proving each of the following: (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; (3) the defendant's breach was the proximate cause of the plaintiff's injuries; and (4) the plaintiff suffered damages. *Wiener v. Carnival Corp.*, 2012 U.S. Dist. LEXIS 151395, at *6, Case No. 11-22516 (S.D. Fla. Oct. 22, 2012) (emphasis added). Failure to establish any one of these elements is fatal to the Plaintiff's case. *Hasenfus v. Secord*,

962 F.2d 1556, 1560 (11th Cir. 1992) (citing *Gooding v. University Hospital Bldg., Inc*., 445 So.2d 1015, 1018 (Fla.1984)). A failure of proof concerning any essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.,* 477 U.S. at 323.

Here, Plaintiff cannot meet her burden in establishing that a defect with the stair on which she was standing was the proximate cause of her injury. Thus, Ms. Middleton cannot establish an essential element of her claim and entry of summary judgment in favor of Defendant is appropriate.

Plaintiff attempts to have the court infer that the accident happened because some of the stairs purportedly had loose metal nosings. However, Plaintiff cannot state whether the step she was on at the time of her fall had a loose metal nosing. Negligence should not be inferred from the "mere happening of an accident alone." *Wish v. MSC Crociere S.A*., No. 07-60980, 2008 U.S. Dist. LEXIS 109072 (S.D. Fla. Nov. 24, 2008) (citing *Belden v. Lynch*, 126 So. 2d 578, 581 (Fla. Dist. Ct. App. 1961)). An injured passenger must show the alleged negligence was an actual and proximate cause of the plaintiff's injury. *Sorrels v. NCL (Bahamas) Ltd*., 796 F.3d 1275, 1280 (11th Cir. 2015). When the evidence presented does not create a material issue of fact as to causation, which is an essential element of the tort of negligence, summary judgment is appropriate. *Fedorczyk v. Caribbean Cruise Lines, Ltd.*, 82 F.3d 69, 74 (3d Cir. 1996) (affirming lower court's grant of cruise line's motion for summary judgment).

This Court has previously concluded that where the nonmoving party is unable to offer any evidence to satisfy the proximate cause element of their negligence claim, those claims must fail. *Lipkin v. Norwegian Cruise Line Ltd.,* 93 F. Supp. 3d 1311, 1325 (S.D. Fla. 2015). In *Lipkin*, the plaintiff brought a negligence action against a cruise line for injuries sustained while disembarking from a cruise ship. *Lipkin,* 93 F. Supp. 3d at 1311. The court held that summary

judgment must be granted in favor of the cruise line because the plaintiff had failed to establish that the defendant's negligence was the proximate cause of his injuries. *Id*. at 1325. Analogous to the present case, *Lipkin* cited no record evidence to show that a genuine issue of material fact existed as to proximate cause. *Id*. at 1325

In a case analogous to the instant matter, *Fedorczyk*, a plaintiff slipped in the bathtub in her stateroom while aboard a cruise ship. *Fedorczyk,* 82 F.3d at 69. *Fedorczyk* alleged that the cruise line's failure to provide an adequate number of abrasive strips in the bathtub was the proximate cause of her injuries. *Id*. at 72. However, plaintiff testified she had no recollection of whether her feet were on the tubs existing abrasive strips at the time of her fall. *Id.* at 72.

The Third Circuit Court of Appeals noted that even if there was negligence on the part of the cruise line for having an insufficient number of adhesive strips in the tub, as testified to by the plaintiff's expert, Fedorczyk was unable to prove that any such negligence of the cruise line in fact caused her injury. *Id.* At 74. Because Ms. Fedorczyk could not testify whether she was standing on one of the adhesive strips that were present, she could not rule out the possibility her fall was caused by other another cause such as the presence of soap and bath oil. *Id.*

The Third Circuit Court of Appeals affirmed the district court's grant of summary judgment in favor of a cruise line, holding that the plaintiff did not introduce evidence which provided a reasonable basis for the conclusion that it was more likely than not that the alleged negligent conduct of the defendant was a cause in fact of the injury. *Id.* at 74. The court held, causation is an essential element of a negligence claim stating, "the mere showing of an accident causing injuries is not sufficient from which to infer negligence," and noted that *Fedorczyk* could have fallen in the bathtub for reasons other than Royal Caribbean's negligence *Id.* (citing *Hansen v. Eagle-Picher Lead Co*., 84 A.2d 281, 284 (N.J. 1951)).

Just as in *Fedorczyk*, Plaintiff in this case cannot state whether she was standing on a step with a loose metal nosing. As such, she cannot introduce evidence which would provide a reasonable basis that it is more likely than not that the alleged negligent conduct of Defendant was a cause in fact of Plaintiff's injury. Therefore, Plaintiff cannot prevail on her negligence claim because she cannot proffer any evidence of the proximate cause of her injuries.

Plaintiff next argues that Defendant's negligence was due to having passengers wait on the staircase prior to dinner. However, Plaintiff has not plead that anything other than the presence of the purported loose metal nosings were the cause of her fall. See ECF 1, ¶14.

Thus, Plaintiff cannot now add new theories of liability solely to avoid summary judgment. *Lopez v. City of W. Miami*, 2015 U.S. Dist. LEXIS 190332 at *5 (S.D. Fla. 2015); *Royal Ins. Co. of Am. v. Southwest Marine*, 194 F.3d 1009, 1016-17 (9th Cir. 1999); *Lee v. Regal Cruises*, 916 F. Supp. 300, 303 (S.D.N.Y 1996).

**WHEREFORE**, Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, respectfully moves this Honorable Court for entry of Summary Judgment in its favor.

Dated: October 30, 2018.                    Respectfully submitted,

  /s/ *Craig P. Liszt*
**David J. Horr**
Florida Bar No.: 310761
dhorr@admiral-law.com
**Craig P. Liszt**
Florida Bar No.: 63414
cliszt@admiral-law.com
Horr, Novak & Skipp, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 672-2526
***Attorneys for Defendant***

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on October 30, 2018, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ *Craig P. Liszt*
**Craig P. Liszt**
Florida Bar No.: 63414
cliszt@admiral-law.com
*Attorneys for Defendant*

407/1382560

## SERVICE LIST

**LaShawn Middleton,** *Pro Se*
1924 Arbor Vista Drive
Charlotte, NC 28262
Telephone: (704) 323-7942
**lashawnmiddleton3@gmail.com**

**David J. Horr**
Florida Bar No.: 310761
**dhorr@admiral-law.com**
**Craig P. Liszt**
Florida Bar No.: 63414
**cliszt@admiral-law.com**
Horr, Novak & Skipp, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 672-2526
*Attorneys for Defendant, Carnival*