UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-23158- MARTINEZ-OTAZO REYES

LASHAWN MIDDLETON,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.

_____/

**DEFENDANT'S OMNIBUS MOTION IN LIMINE**

The Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE, hereby respectfully requests the Court enter an Order granting Defendant's motions in limine by: (I) precluding plaintiff from introducing undisclosed evidence of damages; (II) limiting Plaintiff's presentation of damages to those damages actually incurred and precluding evidence of written-off medical expenses; (III) precluding Plaintiff from presenting evidence of speculative future medical expenses; (IV) preclude Plaintiff's claim for lost wages; and (V) to preclude reference to the Parties' economic standing; and as grounds therefor, states as follows:

    **I.**    **Motion in Limine to Preclude Undisclosed Evidence of Damages**

Plaintiff's presentation of damages must be limited to those she disclosed during discovery. The purpose of discovery is to obtain the disclosure of all relevant information in a voluntary fashion. *Sexton v. United States*, 2001 WL 649445, *1 (M.D. Fla. 2001). Under Rule 26(g), an attorney must make a reasonable investigation and effort to assure that the client has provided all information and documents available to it which are responsive to the discovery request. Fed.R.Civ.P. 26(g). Moreover, pursuant to Rule 26(e), a party has a duty to supplement its prior

disclosures and answers to interrogatories when the party learns that the response is in some material respect incomplete or incorrect.  Fed.R.Civ.P.26(e)(2).

Rule 26(a)(1)(C) requires parties to disclose information concerning damages.  Rule 37(c)(1) advises that a party that fails to disclose information without substantial justification, unless such failure is harmless, shall not be permitted to use as evidence at a trial any witness or information not so disclosed.  *Crawford v. NCB, Inc.*, 2001 WL 833715, *1 (S.D. Fla. 2001).  When a plaintiff fails to update the information requested in the interrogatories, the court may exclude the evidence as an appropriate sanction of the discovery violation. *Crawford*, 2001 WL 833715, at *1.

While the Court does afford some leniency to pro se litigants, the litigant is required to conform to all procedural and discovery rules. *See Hopkins v. Saint Lucie County School Bd., 399 Fed. Appx.* 563, 565 (11th Cir. 2010). Accordingly, Plaintiff, must comply with the same procedural and discovery rules that other litigants must follow – including the duty to supplement her discovery responses. *See Spano v. Satz*, 2010 U.S. Dist. LEXIS 151764 (S.D. Fla. 2010) (citing *Moon v. Newsome*, 863 F.2d 835, 837-838 (11th Cir. 1989).

On November 8, 2017, Defendant propounded requests for production and interrogatories to Plaintiff.  See <u>Composite Exhibit 1</u>.  The discovery propounded on Plaintiff requested, *inter alia*, evidence relating to plaintiff's alleged damages, specifically, her wage loss claim (see production requests 3 and 4; interrogatories 4 and 5), plaintiff's medical expenses (see production requests 8, 9, and 21; interrogatories 4 and 5), and any other damages for which plaintiff asserts a claim (see production requests 6 and 10; interrogatories 4 and 5).

In response, Plaintiff served sworn answers to the interrogatories and produced documents in response to defendant's requests for production.[1] A copy of Plaintiff's answers to interrogatories is attached as Exhibit 2.

Including her initial disclosures pursuant to Rule 26 and correspondence from her prior attorney, to date, Plaintiff has only produced to Defendant documentation of $3,181.04 in past net medical expenses[2]. See Composite Exhibit 3, a copy of all medical expenses produced by Plaintiff to date. Plaintiff never updated or otherwise amended her discovery responses despite requests from Defendant for same. Plaintiff failed to disclose any evidence of potential future medical care, nor has she provided any evidence of any wage loss.

Defendant has afforded the Plaintiff ample opportunity to supplement her discovery responses, and she has continuously failed to do so. See Composite Exhibit 4, Correspondence from Defendant to Plaintiff seeking supplemental disclosures. Thus, Plaintiff must be precluded from presenting any damages pertaining to wage loss and calling any witnesses that could testify as to any past or future wage loss as this information was not previously disclosed in discovery. Likewise, Plaintiff should be precluded from introducing into evidence any past or future medical expenses that Plaintiff failed to produce during discovery.

WHEREFORE Carnival Corporation respectfully requests this Court preclude introduction of any evidence relating to past or future medical expenses, past or future wage loss, or any other damages which here not previously disclosed in discovery.

---

[1] Plaintiff never produced a formal response to Defendant's request for production, but her prior counsel produced documents responsive to the requests on February 5, 2018.

[2] See discussion in Section II regarding the gross amount charged versus the actual amount accepted by Plaintiff's medical providers.

## II.     Motion to Preclude Evidence of Medical Costs Never Actually Incurred

It is anticipated that Plaintiff will attempt to present evidence to the jury of the gross amount charged by her medical providers. However, the true measure of damages incurred is the amount her providers agreed to accept in exchange for the services provided.

Here, Plaintiff's medical treatment was covered by Medicaid. The health care providers issued initial bills reflecting the gross amount of the medical services rendered. The providers later applied the rates negotiated with Medicaid, accepted payment of those rates as payment in full, and wrote-off the difference. The provider never expected payment of the initial, gross amount billed.

Of the medical services rendered, Plaintiff's health care providers issued initial, retail value invoices that total $3,591.00. See Med. Expense Table in <u>Exhibit 3</u>. However, neither Plaintiff nor Medicaid ever paid that retail value of the medical services. When reduced to the contractual rates and/or with balances written-off by the provider, the actual amount of medical expenses incurred by Plaintiff and/or Medicaid was $3,181.04. *Id.*

Neither Plaintiff nor Medicaid ever paid the initial retail invoices. Those amounts are not an accurate total of any loss she actually incurred. While Plaintiff may pursue *compensatory* damages for a loss actually incurred, she may not recover as "compensation" the phantom medical expenses that neither she nor Medicaid ever paid.

It is severely prejudicial to Defendant if Plaintiff presents to the jury evidence of the retail value of care because the figures artificially raise the amount of damages that would compensate her for her actual expense incurred. The prejudice is exacerbated in multiples because the pecuniary medical expense damages usually become the baseline for multiplying the award of the non-pecuniary damages.

The Court properly prevents jury confusion by precluding "write-off" i.e. "phantom damages" never actually incurred. As such, the Court prevents the Plaintiff from claiming the initial costs billed by the healthcare provider which were never paid by Medicaid or her. Additionally, the Court prevents unfair prejudice to the Defendant by limiting Plaintiff's presentation of damages to those expenses actually incurred.

Plaintiff may attempt to invoke the collateral source rule to try to present the very highest figure possible irrespective of whether anyone was ever liable to pay those costs. Plaintiff's argument is a distortion of the collateral source rule. Defendant does not dispute that the amount *actually paid* by Medicaid is subject to the collateral source rule and may be presented to the jury if causally related to her shipboard incident. It is the amount that no one neither paid nor became liable to pay, that is a phantom damage never actually incurred that should not be subject to the collateral source rule.

Within the United States healthcare industry, the amounts initially billed for medical services bear no logical relationship to the true cost for the medical services.[3] Based on contractual agreements with hospitals and healthcare providers, Medicaid has a formula for calculating the maximum amount they will pay for certain medical services. Thus, healthcare providers often inflate amounts initially billed to ensure they are paid the maximum amount possible for services rendered[4]. Accordingly, the charges that appear on the initial bill bear no logical relationship to the amount the healthcare provider is willing to accept as payment in full for the furnished services. Neither Plaintiff nor Medicaid is responsible for paying the amounts "written off" by healthcare

---

[3] *See e.g.,* Pat Palmer, *How Does Medical Billing Really Work?*, Medical Billing Advocates of America (April. 11, 2017), https://billadvocates.com/medical-billing-really-work/
[4] *Id.*

providers.  Therefore, the amount of the write-off cannot be considered a loss for which Plaintiff can be compensated.

### A. The Eleventh Circuit's recent decision in *Bobo* gives guidance.

The Eleventh Circuit Court of Appeals recently addressed this issue in the context of an asbestos exposure case under Alabama law.  *Bobo v. TVA*, 855 F.3d 1294, 1311 (11th Cir. 2017). Alabama law recognizes both the collateral source rule and the notion that the party seeking damages bears the burden of showing the damages were actually incurred.  In *Bobo*, as in the case here, the plaintiff sought to recover the written off medical expenses and the defendant challenged plaintiff's entitlement to recover the written-off amounts.

The Eleventh Circuit wrote: "We agree with [Defendant] that amounts that were written off by providers under contractual agreements with insurers are not amounts that a plaintiff has paid or is obligated to pay." *Bobo*, at 1311.  The court further recognized that "[a]mounts that are written off by a provider are not paid by anyone, the provider never gets paid those amounts." *Id.* Because neither the plaintiff nor the insurer is ever obligated to pay the written-off amounts, the collateral source rule is not triggered.  The written-off medical expenses are not recoverable. *Id.* (remanding to re-calculate damages award to exclude written-off amounts).

The Southern District of Florida relied upon the *Bobo* case when confronted with the same argument asserted here and in this exact circumstance in *Jarvis v. Carnival Corp.*, 2017 U.S. Dist. LEXIS 120787 (S.D. Fla. 2017)[5] (granting the same motion presented here).

---

[5]  Judge Moreno subsequently adopted this Report and Recommendation to grant Defendant's Motion in Limine. *Jarvis v. Carnival Corp.*, USDC So. Fla. Case No. 16-23727, D.E. 133.

## B. The *Bobo* reasoning is consistent with the nature of *compensatory* damages.

Application of the *Bobo* decision in this context is consistent with the fundamental principles underlying the nature of *compensatory* damages and the collateral source rule. As the alleged tortfeasor, Carnival would be responsible to pay only the fair and reasonable cost of medical treatment for Plaintiff's alleged injuries. Amounts written off by healthcare providers are not only excessive and unreasonable, but also irrelevant. *Frauenthal v. Oceania Cruises, Inc.,* No. 15-21517-CIV-KING, 2016 U.S. Dist. LEXIS 68374 (Order Denying Plaintiff's Motion in Limine to Exclude Evidence or Argument of Collateral Source). In *Frauenthal*, Judge King affirmed the only relevant medical charges are those actually paid by a plaintiff:

> With respect to evidence of reductions to medical bills, the reasonable and customary cost of care for the medical services received by Plaintiff are the amounts which were actually paid by her or by a collateral source on her behalf, and evidence relating to other amounts which were written off are not relevant to this action…

*Id.*; *see also*, *Nappi v. Carnival Corp.*, Case No. 1:13-CV-21659-JLK (Order Granting Motion to Exclude Evidence of Medical Charges Written Off by Healthcare Providers); *Tercero v. Carnival Corporation*, Case 1:15-cv-21583-JLK (Order Granting Motion To Exclude Evidence Of Medical Charges Written-off by Healthcare Providers).

This principle is consistent with the broader common-law rule. The United States Supreme Court described the general maritime law as "an amalgam of traditional common-law rules, modifications of those rules, and newly created rules." *East River Steam Ship Corp. v. TransAmerica Delaval, Inc.*, 476 U.S. 858, 106 S. Ct. 2295, 2299 (1986). In developing the maritime law, courts have consulted state law and the Restatement of Torts. *Vickers v. Chiles Drilling Co.*, 822 F.2d 535, 538 (5th Cir. 1987); *Doyle v. Graske*, 565 F. Supp. 2d 1069, 1081-82 (D. Neb. 2008) (citing *Wells v. Liddy*, 186 F.3d 505, 525 (4th Cir. 1999)). By applying the provisions of the Restatement, the court sitting in admiralty furthers the federal interest in

establishing uniform rules of maritime law. *Transco Syndicate #1, Ltd. v. Bollinger Shipyards, Inc.*, 1 F.Supp.2d 608, 614 (E.D. La. 1998) (in maritime action, applying Restatement of Torts over state law where they conflict).

The Restatement (Second) of Torts explains that a tortfeasor is liable only for the amount of the net harm that it has caused. RESTATEMENT (SECOND) OF TORTS, § 906, comment (a) (1979). The Restatement further explains that a plaintiff is not entitled to collect in compensatory damages more than was actually paid for the services (such as healthcare):

> **§911  (value of damages)**
>
> (2)  The exchange value of property or services is the amount of money for which the subject matter could be exchanged or procured if there is a market continually resorted to by traders…
>
> Comment (h): ... When the plaintiff seeks to recover for expenditures made or liability incurred to third persons for services rendered, normally the amount recovered is the reasonable value of the services rather than the amount paid or charged.  If, however, the injured person paid less than the exchange rate, <u>he can recover no more than the amount paid</u> . . .

RESTATEMENT (SECOND) OF TORTS, § 911 (1979).

The purpose of the compensatory damage category in maritime tort cases is to place the injured person as nearly as possible in the condition they would have occupied if the wrong had not occurred. *See, e.g., Freeport Sulphur Co. v. S/S Hermosa*, 526 F.2d 300, 304 (5th Cir. 1976). Pursuant to the Restatement, and ultimately general maritime law, this is accomplished by limiting Plaintiff's recovery of damages for healthcare services to the amount she or Medicaid actually paid.  Any presentation of amounts in excess of what was paid or owed results in an unjust windfall to Plaintiff. Accordingly, Plaintiff should be precluded from claiming damages in excess of the amount she or Medicaid are obligated to pay.

### C. Applying the reasoning of *Bobo* in this context is consistent with the trend of decisions in this District Court.

The prevailing judicial trend in this District is that plaintiffs are permitted to admit evidence of the amounts actually paid (and accepted as payment in full) for medical services received, but not the inflated amount initially billed. The key consideration is that amounts "written off" and for which the plaintiff has no obligation to pay, cannot be claimed by plaintiff as compensable damages.

The well-reasoned and growing line of general maritime law precedent out of the Southern District of Florida holds that evidence of "written off" medical charges initially billed by providers is inadmissible at trial. The line of cases in Composite Exhibit "5" correctly recognizes that "fictitious" medical charges which initially appear on a bill bear no relationship to the actual cost of the medical care, and more importantly, have no relationship to the amount that the health care provider expects to be paid, and will accept as payment in full:

Exhibit 5-A: *Szczurko v. Celebrity Cruises, Inc.*, Case No. 1:15-CV-20952-UU (Order Granting Motion to Preclude Plaintiffs from Introducing Evidence of, or Claiming as Damages, Medical Charges "Written Off" by Providers). This Court held that "[a]llowing Plaintiff to introduce the amount billed by the healthcare providers, rather than the amount paid, would result in a windfall to plaintiffs, who never actually received such a benefit." [Ex. 5-A, p. 3].

Exhibit 5-B: *Galarza v. Carnival Corporation*, Case No. 15-24380-CIV-ALTONAGA/O'SULLIVAN (Order Denying Plaintiff's Motion in *Limine* for the Court to Fully Apply the Traditional Maritime Collateral Source Rule, and hearing transcript). The Court held federal maritime collateral source rule applies, but does "not require or allow that [plaintiff] include in those medical bills amounts that were written off by the providers and that no one is liable or obligated to pay." [Ex. 5-B, p. 21].

<u>Exhibit 5-C</u>:   *Pownall v. Cunard Line Ltd. Co.,* Case No. 06-22836-CMA (Trial Transcript).  This Court held plaintiff could *not* present as evidence of damages at trial amounts written off by the plaintiff's healthcare providers, for which there was no obligation to pay. (Ex. 5-C, at 19.) Instead, the court held plaintiff may present as evidence of damages only those amounts the healthcare providers actually received—the amounts that were accepted as payment in full.  Although the collateral source rule may apply to the actual payments made by collateral sources, the amount written off by the provider is not an incurred debt for which the plaintiff should be compensated.  *Id.*

<u>Exhibit 5-D</u>:   *Giron v. Carnival Corporation*, Case No. 10-20387-WMH (Pre-Trial Conference Transcript at p. 10-18)

<u>Exhibit 5-E</u>:   *Fitzsimmons v. Royal Caribbean Cruises, Ltd*., Case No. 11-21079-CMA (Calendar Call Transcript at p. 4-7)

Exhibit 5-F:   *Gaskin v. Carnival Corp.*, Case No. 1:13-CV-22911-KMM (Paperless Order Granting in Part and Denying in Part Plaintiffs' Motion in Limine Regarding Collateral Source Benefits.  In *Gaskin*, the Court stated that "[t]o allow Plaintiffs to introduce amounts billed by healthcare providers, rather than the amount actually paid, would result in a windfall to Plaintiff, who never actually received a collateral source benefit for the amount billed." [Ex. 5-F, p. 2]. The Court thus denied the plaintiff's request to "admit evidence of the amount billed by healthcare providers, rather than the amount actually paid." *Id.* at 1.

Exhibit 5-G:   *Nappi v. Carnival Corp.*, Case No. 1:13-CV-21659-JLK (Order Granting Motion to Exclude Evidence of Medical Charges Written Off by Healthcare Providers).  The Court in *Nappi* followed the rationale of *Gaskin*, and held that "the reasonable and customary cost of care for the medical services received by Plaintiff are the amounts which were actually paid by

him or by a collateral source, and evidence related to other amounts which were written off are not relevant to this action." [Ex. 5-G, p. 2].

Exhibit 5-H: *Tercero v. Carnival Corporation,* Case 1:15-CV-21583-JLK (Order Granting Motion To Exclude Evidence Of Medical Charges Written-off by Healthcare Providers). The reasoning in the *Tercero* opinion is equally applicable here:

> the reasonable and customary cost of care for the medical services received by Plaintiff are the amounts which were actually paid by her or by a collateral source on their behalf, and evidence relating to other amounts which were written off are not relevant to this action.

[Ex. 5-H].

Exhibit 5-I: *Frauenthal v. Oceania Cruises, Inc.,* No. 15-21517-CIV-KING, 2016 U.S. Dist. LEXIS 68374, (Order Denying Plaintiff's Motion in Limine to Exclude Evidence or Argument of Collateral Source). In *Frauenthal*, the Court affirmed the well-established trend:

> As such, if Plaintiff introduces evidence of medical bills which include amounts that were not actually paid by Plaintiff or by a collateral source, Defendant cannot be precluded from introducing evidence of reductions.

[Ex. 5-I].

Exhibit 5-J: *Sampson v. Carnival Corporation*, Case No. 15-24339-CIV-KING/TORRES (Order Granting Defendant's Motion in *Limine* to preclude Plaintiff from presenting or claiming medical charges "written off" by her healthcare providers). In *Sampson*, the Magistrate Judge granted Defendant's Motion in *Limine* to preclude Plaintiff from presenting or claiming medical charges "written-off" by her health care providers, reasoning that introduction of such charges would result in a "windfall to Plaintiff." [Ex. 5-J].

Furthermore, the Court in *Diczok v. Celebrity Cruises, Inc.*, 2017 U.S. Dist. LEXIS 116820, *8 (S.D. Fla. 2017) observed the "abundance of case law in this District holds that, under general maritime law, recoverable medical expenses are limited [to] those actually paid by the

plaintiff." This majority rule in maritime law is consistent with the majority of courts conducting the same analysis in the worker's compensation context. *See, e.g., Blanco v. Capform, Inc.*, 2013 U.S. Dist. LEXIS 3385, *6 (S.D. Fla. 2013) (granting motion in limine to preclude presentation of written-off medical expenses).

In sum, the well-reasoned, majority rule is consistent with the reasoning of the Eleventh Circuit Court of Appeals' decision in *Bobo* from an analogous context; evidence of medical bills charged, but not actually incurred or paid, is not admissible.

WHEREFORE Carnival Corporation respectfully requests this Court follow the majority rule and preclude Plaintiff from introducing evidence of damages she never incurred.

### III. Motion in Limine to Preclude Evidence of Speculative Future Medical Care

It is anticipated that Plaintiff will seek to introduce speculative evidence of medical care she may incur in the future[6]. However, Plaintiff has not produced any evidence indicating that any future medical care will be needed. Additionally, Plaintiff has not disclosed the identities of any experts to testify regarding future medical care.

The law requires Plaintiff to prove future damages within a reasonable degree of medical certainty and that the expenses are more likely than not to be incurred. Federal courts in Florida apply substantive Florida tort law. *See generally John Morrell & Co. v. Royal Caribbean Cruises*, 534 F. Supp. 2d 1345 (S.D. Fla. 2008). In *Loftin v. Wilson*, 67 So. 2d 185, 188 (Fla. 1953), the Supreme Court stated "[i]n every case, plaintiff must afford a basis for a reasonable estimate of the amount of his loss and only medical expenses which are reasonably certain to be incurred in the future are recoverable." *Id*. An award of future economic damages is only appropriate "when such damages are established with reasonable certainty." *Auto-Owners Ins. Co. v. Tompkins*, 651

---

[6] See Complaint, ECF 1, ¶17.

So. 2d 89, 91 (Fla. 1995). The plaintiff carries the burden to establish that future medical expenses will more probably than not be incurred. *Kloster Cruise Ltd. v. Grubbs*, 762 So. 2d 552, 556 (Fla. 3d DCA 2000). "That burden will only be met with competent substantial evidence." *Id.*

If the future damages are only imaginary or possible, they are too remote to be the basis of recovery from the tortfeasor. A plaintiff may not seek to recover speculative future damages. *Offenbacher v. Ahart*, 2009 U.S. Dist. LEXIS 16231 (D. Or. 2009). "[D]amages may not be determined by mere speculation or guess." *Maiz v. Virani*, 253 F. 3d 641, 664 (11th Cir. 2001).

Here, Plaintiff has failed to identify in discovery any future medical care she may need. Plaintiff has also failed to disclose any experts in discovery that could testify as to future medical care or expenses. Any testimony provided by the Plaintiff at trial regarding future medical care would be pure speculation. Plaintiff has thus failed to carry her burden to prove that any future medical care will more likely than not be incurred.

WHEREFORE Carnival Corporation respectfully requests this Court preclude Plaintiff from presenting any evidence of future medical care or expenses she *may* incur in the future.

**IV. <u>Motion in Limine to Preclude Evidence of Future Lost Income</u>**

The Plaintiff is by trade, a credit analyst for a mortgage company, a tax consultant, an actress, a motivational speaker, and a purpose coach. She is seeking damages for lost income in the past[7] and in the future that she claims resulted or will result from her shipboard incident. However, Plaintiff has not produced any evidence that her ability to work has been compromised due to the shipboard incident, nor has she produced any evidence of actual lost income.

In addition, Plaintiff has failed to respond to numerous requests from Defendant for documentation of her purported wage loss. See <u>Exhibits 2 and 4</u>. Courts require "more than

---

[7] Plaintiff's failure to support her past lost wage claim is addressed in Section I.

speculative opinion when determining damages for prospective earnings loss." *Benjamin v. Peter's Farm Condo. Owners Ass'n*, 820 F.2d 640, 642 (3d Cir. 1987).  To support a future loss calculation, a plaintiff must present an evidentiary basis with proper foundation and sufficient factual predicates. *Evans v. BV Shipping Co. Lombok Strait, Case No. 09-3139*, 2009 U.S. Dist. LEXIS 92305 (D.N.J. 2009) (granting motion to preclude the jury from considering future income losses). When there is no physician to testify and create a foundation for the lost capacity to work, then the claim for lost future earnings is speculative; where the award for lost future income would be speculative, it is not admissible. *Id.* While determining future earnings, juries consider evidence of the probable duration of plaintiff's earning capacity and conditions unconnected with the accident that might have reduced her expectancy below the normal term; "[u]nless there is non-speculative evidence demonstrating that future suffering, additional medical expenses and loss of income will occur, the question <u>should not be submitted to the jury</u>."  Robert S. Hunter, Federal Trial Handbook Civil §68:6 (4th ed. 2009) (emphasis added), *as cited in Evans, supra*, at *6-7.

Plaintiff simply cannot lay the proper evidentiary predicate to recover future income losses. *Evans v. BV Shipping Co. Lombok Strait, Case No. 09-3139*, 2009 U.S. Dist. LEXIS 92305 (D.N.J. 2009) (granting motion to preclude the jury from considering future income losses).

Here, Plaintiff has not disclosed any evidence which could demonstrate a foundation on which she can predicate a claim for lost earnings.  She does not present any expert opinion from which the jury will hear the factors relevant to assessing such a claim.  Without any evidence she has a medical condition that compromises her capability to work, and without the testimony of any expert to rule out the other potential causes for any downturn in income, any award of future lost income would be purely speculative and is therefore impermissible and inadmissible. *Evans*, at

*10. These deficiencies preclude the admissibility of Plaintiff's claims for past and future wage losses.

WHEREFORE Carnival Corporation respectfully requests this Court preclude Plaintiff from introducing any evidence regarding her purported inability to work and alleged loss of income.

V. **Motion in Limine to Prelude Reference to the Parties' Economic Standing**

Defendant anticipates Plaintiff may attempt to introduce evidence or reference to the parties' respective economic standing to garner the jury's sympathy. This evidence and/or reference will be offered for the sole purpose of unfairly prejudicing the jury into being sympathetic towards Plaintiff. Such evidence and/or reference's probative value, even if relevant, is substantially outweighed by the danger of unfair prejudice and confusion of the liability and damages issues. *See Chin v. Caiaffa*, 42 So. 3d 300, 308 (Fla. 3d DCA 2010); *Carnival Corp. v. Pajares*, 972 So. 2d 973, 977 (Fla. 3d DCA 2006), Fed. R. Evid. 401 - 403. Carnival respectfully submits that any testimony or evidence regarding the parties' economic standing is devoid of any connection to the issues to be addressed by the jury and should be barred.

Reference to Plaintiff's limited resources or need for financial compensation will serve only to prejudice the jury against Carnival and in favor of Plaintiff. Evidence of a party's limited resources or financial despair is unfairly prejudicial and constitutes reversible error. *U.S. v. Socony Vacuum Oil Co.*, 310 U.S. 150 (1940). In *Socony Vacuum Oil* the U.S. Supreme Court held that appeals to class was highly improper and urged trial courts to be alert to prevent such discourse. Such comments, which serve only to misdirect the jury's attention from the factual and legal issues at hand, are improper and impermissible. "Argument directly contrasting the poverty of one of the parties with the wealth of the other is especially apt to prejudice the jury." *Batlemento v. Dove*

*Fountain, Inc.*, 593 So. 2d 234, 241 (Fla. 5th DCA 1991), rev. denied, 601 So. 2d 551 (Fla. 1992) (citations omitted). Therefore, this Court should not permit any reference to Plaintiff's income or financial need. *See Brough v. Imperial Sterling*, Ltd., 297 F.3d 1172, 1178 (11th Cir. 2002), citing, *Batlemento*, 593 So.2d at 241.

Similarly, this Court should also disallow any reference to Carnival's financial resources vis-à-vis Plaintiff. *Id.*; *Batlemento*, 593 So. 2d at 241; *see Carnival Cruise Lines v. Rosania*, 546 So. 2d 736, 737 n.1 (Fla. 3d DCA 1989) ("They have a doctor, the best that money could buy. They went out and got a doctor... and think about how Carnival Cruise Lines defended this particular case,"); *Klein v. Herring*, 347 So. 2d 681, 682 (Fla. 3d DCA 1977) ("Think about the resources and the ability that State Farm Insurance Company has,"); see also *Geddes v. United Financial Group*, 559 F.2d 557 (9th Cir. 1977) (the ability of a defendant to pay injects into the damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial result).

It is anticipated that Plaintiff will attempt to create inferences of Carnival's financial standing by interjecting information that Carnival is a publicly traded entity or has greater resources than the Plaintiff. Plaintiff's anticipated arguments will improperly lead the jury to an inference that Carnival has the financial standing to pay the Plaintiff's claimed damages regardless of fault. This "David vs. Goliath" argument is improper and will only serve to confuse the jury on issues of actual fault and damages in an attempt to garner sympathy to the Plaintiff. Appealing to the sympathy of the jurors through references to the wealth of the defendant in contrast to the status of the plaintiff is totally improper and cause for reversal.

WHEREFORE Carnival Corporation respectfully requests this Court instruct Plaintiff not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner

reference to the relative financial condition of Plaintiff and/or Carnival Corporation and to caution each and every one of her witnesses to strictly follow the same instruction.

## LOCAL RULE 7.1 CERTIFICATION

The undersigned counsel certifies that he has conferred with Plaintiff who objects to the relief requested herein.

Dated:  January 7, 2019

                                                    Respectfully submitted,

                                                     /s/ *Craig P. Liszt*
                                                    **David J. Horr**
                                                    Florida Bar No.: 310761
                                                    **dhorr@admiral-law.com**
                                                    **Craig P. Liszt**
                                                    Florida Bar No.: 63414
                                                    **cliszt@admiral-law.com**
                                                     Horr, Novak & Skipp, P.A.
                                                    Two Datran Center, Suite 1700
                                                    9130 South Dadeland Boulevard
                                                    Miami, FL  33156
                                                    Telephone: (305) 670-2525
                                                    Facsimile:  (305) 672-2526
                                                    ***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on January 7, 2019, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

      /s/ *Craig P. Liszt*
**Craig P. Liszt**
Florida Bar No.: 63414
cliszt@admiral-law.com
*Attorneys for Defendant*

/1403829/624

## **SERVICE LIST**

**LaShawn Middleton,** *Pro Se*
1924 Arbor Vista Drive
Charlotte, NC 28262
Telephone: (704) 323-7942
**lashawnmiddleton3@gmail.com**
*Via U.S. Mail and Email*

**David J. Horr**
Florida Bar No.: 310761
**dhorr@admiral-law.com**
**Craig P. Liszt**
Florida Bar No.: 63414
**cliszt@admiral-law.com**
Horr, Novak & Skipp, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile:  (305) 672-2526
***Attorneys for Defendant, Carnival***