UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-23158-CIV-MARTINEZ/AOR

LASHAWN MIDDLETON,

      Plaintiff,

v.

CARNIVAL CORPORATION,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Carnival Corporation's ("Defendant" or "Carnival") Motion for Summary Judgment [D.E. 29]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 24]. For the reasons stated below, the undersigned respectfully recommends that the Motion for Summary Judgment be GRANTED and the case be DISMISSED WITH PREJUDICE.

## PROCEDURAL AND FACTUAL BACKGROUND

On August 18, 2017, Plaintiff LaShawn Middleton ("Plaintiff") brought a negligence claim against Carnival, alleging that she sustained damages on August 19, 2016 during a cruise aboard the *Carnival Fantasy*. See Compl. [D.E. 1 at 2].[1] Plaintiff alleges that she tripped and fell on an improperly maintained metal nosing of a stair while walking down a stairway and that, as a result, she lost consciousness and sustained severe injuries. Id. at 2-3.

On July 9, 2018, Carnival filed the instant Motion for Summary Judgment arguing that

---

[1] After the Court granted Plaintiff's counsel's Motion to Withdraw as Counsel on April 16, 2018 [D.E. 21], Plaintiff filed a Statement of Intention to Proceed *Pro Se* on May 23, 2018 [D.E. 23].

1

Plaintiff cannot establish that Carnival's conduct proximately caused her injuries [D.E. 29]. Plaintiff filed her Opposition to Motion for Summary Judgment (hereafter, "Opposition") on October 23, 2018 [D.E. 34]. On October 30, 2018, Carnival filed its Reply [D.E. 35].

## APPLICABLE LAW

### I.    Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine issue of material fact exists, courts "view all evidence and draw all reasonable inferences in favor of the non-moving party." Smith v. Royal Caribbean Cruises, Ltd., 620 F. App'x 727, 729 (11th Cir. 2015). "Yet, the existence of some factual disputes between litigants will not defeat an otherwise properly grounded summary judgment motion; 'the requirement is that there be no *genuine* issue of *material* fact.'" Weiner v. Carnival Cruise Lines, No. 11-CV-22516, 2012 WL 5199604, at *2 (S.D. Fla. Oct. 22, 2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). Indeed,

> [t]he plain language of [Rule 56] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Cohen v. Carnival Corp., 945 F. Supp. 2d 1351, 1354 (S.D. Fla. 2013) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). Hence, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient; there must be evidence upon which a jury could reasonably find for the non-movant. Anderson, 477 U.S. at 252.

## II.    *Negligence*

"A carrier by sea does not serve as an insurer to its passengers; it is liable only for its negligence." Weiner, 2012 WL 5199604, at *2.  To prove a claim for negligence, the plaintiff must establish: "(1) that defendant owed plaintiff a duty; (2) that defendant breached that duty; (3) that this breach was the proximate cause of plaintiff's injury; and (4) that plaintiff suffered damages." Isbell v. Carnival Corp., 462 F. Supp. 2d 1232, 1236 (S.D. Fla. 2006).  As the incident upon which this action is based "occurred aboard a cruise ship, these elements must be evaluated by reference to federal maritime law." Weiner, 2012 WL 5199604, at *2.

"A cruise-ship owner owes an injured passenger the duty of exercising reasonable care under the circumstances of each case," and breaches that duty when it creates a dangerous condition of which it was actually or constructively aware and of which it had failed to warn the injured passenger under reasonable foreseeability. Torres v. Carnival Corp., 635 F. App'x 595, 600-01 (11th Cir. 2015).  Actual notice exists when the defendant knows of the risk-creating condition. Keefe v. Bahama Cruise Line, Inc., 867 F.2d 1318, 1322 (11th Cir. 1989) ("[Defendant's] liability thus hinges on whether it knew . . . about the treacherous wet spot."). "Constructive notice arises when a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it." Bencomo v. Costa Crociere S.P.A. Co., No. 10-62437-CIV, 2011 WL 13175217, at *2 (S.D. Fla. Nov. 14, 2011), aff'd, 476 F. App'x 232 (11th Cir. 2012).

"[N]egligence should not be inferred from the 'mere happening of an accident alone.'" Wish v. MSC Crociere S.A., No. 07-60980-CIV, 2008 WL 5137149, at *2 (S.D. Fla. Nov. 24, 2008) (citing Belden v. Lynch, 126 So. 2d 578, 581 (Fla. Dist. Ct. App. 1961)).  An injured passenger must show that the alleged negligence was an actual and proximate cause of her

3

injury.  Sorrels v. NCL (Bahamas) Ltd., 796 F.3d 1275, 1280 (11th Cir. 2015).  Proximate cause

requires "evidence which affords a reasonable basis for the conclusion that it is more likely than

not that the conduct of the defendant was a substantial factor in bringing about the result."

Diczok v. Celebrity Cruises, Inc., 263 F. Supp. 3d 1261, 1265-66 (S.D. Fla. 2017) (citations

omitted).  When a plaintiff is unable to offer any evidence to satisfy the proximate cause element

of her negligence claims, those claims must fail.  See John Morrell & Co. v. Royal Caribbean

Cruises, Ltd., 534 F. Supp. 2d 1345, 1353 (S.D. Fla. 2008); see also Lipkin v. Norwegian Cruise

Line Ltd., 93 F. Supp. 3d 1311, 1325 (S.D. Fla. 2015).

## UNDISPUTED MATERIAL FACTS

1.     On August 19, 2016, Plaintiff was a fare-paying passenger aboard the *Carnival*

*Fantasy*.  See Compl. [D.E. 1 at 2].

2.     Plaintiff claims that, on that date, she was severely injured when she tripped on an

improperly maintained metal nosing of a stair where the lip of the nosing caught Plaintiff's heel,

causing her to fall and lose consciousness.  Id. at 2-3.

3.     Plaintiff was standing on the staircase for approximately ten minutes while

waiting to enter the Jubilee Dining Room for dinner.  See Excerpts from the Deposition of

Plaintiff dated February 6, 2018 (hereafter, "Pl. Depo.") [D.E. 29-1 at 4-5].

4.     While Plaintiff was standing on the stairs, she did not observe any defects with

the steps.  Id. at 6.  She did not observe any other passengers trip on that staircase that evening,

and has not heard from anyone as to whether or not any other passengers have had any accidents

on that staircase.  Id.

5.     Plaintiff could not remember how many steps from the top of the staircase she had

descended before she fell.  Id. at 5.

6.     Plaintiff could not identify which step was involved in her accident. Id. at 7, 9, 10, 12.

7.     Two days after she fell, Plaintiff returned to the staircase and observed that some of the stairs had loose metal nosings. Id. at 7-8. Someone who was with Plaintiff took photographs of the stairs at that time. Id. at 8-10.

8.     Plaintiff could not identify which metal strip she claimed to have tripped over, but she knew that there were several stairs with loose metal strips. Id. at 11.

## DISCUSSION

Plaintiff contends that her fall was due to a loose metal nosing on the stairs. See Compl. [D.E. 1 at 2]. However, it is undisputed that she cannot identify the step on which she was standing at the time of the fall. See Pl. Depo. [D.E. 29-1 at 7, 9, 10, 12]. Consequently, she cannot prove whether the step she was on at the time of her fall had a loose metal nosing that was a substantial factor in the cause of her fall. Diczok, 263 F. Supp. 3d at 1265-66. Plaintiff's inability to offer any evidence that the step over which she tripped had a loose metal nosing is fatal to her negligence claim. See John Morrell & Co., 534 F. Supp. 2d at 1353; Lipkin, 93 F. Supp. 3d at 1325; Cohen, 945 F. Supp. 2d at 1354 ("[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." (citations omitted)).

Plaintiff argues that there are material issues of fact supported by the ship's infirmary records; Plaintiff's medical bills, lost wages, and quality of life; witnesses; her shoes; and the pictures of the stairs. See Opposition [D.E. 34 at 4, 8]. Plaintiff does not attach any of this purported evidence to her Opposition and has not identified any witnesses, nor can the

undersigned find any such evidence in the record.[2]  Thus, Plaintiff has failed to raise a triable issue of material fact.  See Anderson, 477 U.S. at 251 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

Even if Plaintiff had identified the step over which she tripped and that step did have a loose metal nosing, there is no evidence that Carnival had actual notice of this condition.  As to constructive notice, Plaintiff testified that she did not observe any other passengers trip on that staircase that evening, and has not heard from anyone as to whether or not any other passengers have had any accidents on that staircase.  See Pl. Depo. [D.E. 29-1 at 6].  Thus, there is no evidence of any substantially similar incidents that occurred prior to Plaintiff's fall to establish that Carnival had constructive notice of a dangerous condition.  See Bencomo, 2011 WL 13175217, at *2.[3]

In an attempt to raise a genuine issue of material fact, Plaintiff also argues that Carnival's negligence began when it detained her in an overcrowded stairway for an extended amount of time due to the dining hall's untimeliness.  See Opposition [D.E. 34 at 5].  However, this theory of liability was not pled in the Complaint and is therefore not properly before this Court.  See Compl. [D.E. 1]; Hurlbert v. St. Mary's Health Care Sys., Inc., 439 F.3d 1286, 1297 (11th Cir. 2006) (holding that the plaintiff was not entitled to raise a new theory of liability in the midst of summary judgment).

Because Plaintiff has failed to adduce facts that support her negligence claim against Carnival, Defendant is entitled to judgment as a matter of law.

---

[2] Although Plaintiff's deposition references the photographs, they were never filed with the Court.
[3] In her Opposition, Plaintiff states that Carnival never disputed the fact that the stairs were faulty.  See Opposition [D.E. 34 at 8].  However, Carnival denied these allegations in its Answer.  See Answer [D.E. 5].

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Carnival's Motion for Summary Judgment [D.E. 29] be GRANTED and the case be DISMISSED WITH PREJUDICE.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 14th day of January, 2019.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Jose E. Martinez
      Counsel of Record